Henderson, Judge,
 

 delivered the opinion of the Court:
 

 I think this short answer may be given to the claims of Benjamin Blackledge, Richard B. Singleton and Thomas Singleton, that Milly, the mother of Squire, being excepted from their bequests, they can have no claim to any of her issue born after the testator’s death; and to the claim of William Blackledge, that the testator intended him no beneficiary interest in Milly; at most he is only a naked trustee. And as for his claim to Squire for the support of the two negro women, the testator has pointed
 
 *599
 
 out another fund for that purpose. The only contest is between the residuary legatees and the next of kin.
 

 To ascertain in whom the right of Squire is, it is necessary to fix the condition of his mother.
 
 Partus sequitur ventrem.
 
 William Blackledge’s claim has already been disposed of: if he has any interest, it is as a mere trustee for the residuary legatees or the next of kin. In favor of the claim of the residuary legatees, it is said that they must take
 
 all,
 
 after satisfying the claims under the will, and that this claim extends to legacies lapsed by the death of the legatees before that of the testator. As to cases ■where a legacy is void by reason of the uncertainty of the legatee, or of the inability of the legatee to take, there is a difference between the ancient and modern decisions on some points,- but it may be admitted that the modern are
 
 correct;
 
 for they are bottomed upon that universal principle in our law, that in the construction of wills, the intent is to be sought for, and, when not contradictory to law, is to be followed. The modern decisions say, that the testator intended his residuary legatees should take'all that does not pass under his will, no matter from what cause there may be a residue: the ancient say that he only intended to pass what was left after taking out the legacies, and that the executors, or the next of kin, take the lapsed legacies: both making it a question of intention. But no case goes so far as to make a legatee take without, or contrary to, an intent.
 

 In this case, Milly is expressly excepted out of the residuary clause, and, of course, cannot pass under it. Milly, therefore, not being disposed of to any one by the will, but if to any one, to a naked trustee, Squire, her issue, belongs to the next of kin.
 

 As we believe that the executor acted with good faith, in asking the advice of the Court, his costs must be paid out of the proceeds of the .sale of Squire.